UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL WESLY MOON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV01129 DDN |
| | ) |
| NATIONAL ASSET RECOVERY | ) |
| SERVICES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Darnell Moon (registration no. 34077-044), an inmate at FCI Oxford, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.42. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $42.12, and an average monthly balance of $40.51. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.42, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The Court may dismiss an action under 28 U.S.C. § 1915(e) if an affirmative defense exists, e.g., if the statute of limitations has run. Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**[1]

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 for alleged employment discrimination. Named as defendants are National Asset Recovery Services, Inc., Charter Communications, Inc., and Roseanne Riesdorph (Human Resources Specialist). Plaintiff seeks monetary relief.

---

[1] Plaintiff previously filed a similar lawsuit. Moon v. National Asset Recovery Services, Inc., 4:09CV117 DDN (E.D. Mo.). The instant lawsuit contains some allegations that were not brought in the previous case.

Plaintiff alleges that in May 2007 he was employed by National Asset as a telephone billing specialist. Plaintiff claims that at that time he had contracted with Charter to purchase telephone, internet, and cable services. Plaintiff says that he had a dispute with Charter over bills he failed to pay. Plaintiff alleges that Charter called National Asset and told plaintiff's superiors that plaintiff had failed to pay his Charter bills, and plaintiff says that Charter told his superiors to terminate his employment. Plaintiff states that National Asset then asked him to resign from his position. Plaintiff believes that National Asset fired him because he is African-American.

Plaintiff says that he tried to contact the EEOC once in August 2007 but that he failed to get a complaint form. Plaintiff has not filed a charge of discrimination with the EEOC or received a right-to-sue letter.

## Discussion

"In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). Because plaintiff has not filed a charge of discrimination or received a right-to-sue letter, his Title VII claims are barred.

Additionally, plaintiff's claims against Charter Communications are frivolous because plaintiff was not employed by Charter.

Finally, Title VII provides a remedy only against an "employer." The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997) (citing Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); see Bales v. Wal-Mart Stores Inc., 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, plaintiff's claims against defendant Riesdorph are frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $8.42 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 28th Day of July, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE