UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DARNELL WESLY MOON, )
　)
　　Plaintiff, )
　)
v. ) No. 4:09-CV-117-DDN
　)
NATIONAL ASSET RECOVERY )
SERVICES, INC., et al., )
　)
　　Defendants. )

**MEMORANDUM AND ORDER**

This closed civil matter is before the Court upon self-represented plaintiff Darnell Wesly Moon's post-judgment motion titled "Motion for Order Regarding Applicability of 28 U.S.C. 1915(g)." (ECF No. 12). For the following reasons, the motion will be denied.

**Background**

Moon initiated this action on January 15, 2009 by filing a complaint against defendants National Asset Recovery Services and Charter Communications Cable Company ("Charter") alleging unlawful termination of employment. Plaintiff had worked for National Asset Recovery Services for approximately two months when he was asked to resign following the discovery of alleged bank fraud on plaintiff's consumer account with Charter.

Along with his complaint, plaintiff filed a motion seeking leave to proceed *in forma pauperis*. The Court granted plaintiff's motion to proceed *in forma pauperis* on February 2, 2009. On that same date, the Court dismissed plaintiff's complaint on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* ECF Nos. 8 and 9. Specifically, the Court found that plaintiff could not bring a claim under Title VII because he did not allege he was a member of a protected class. "As a result," the Court stated, "the complaint fails to state a claim upon which relief can be granted as

to National Asset." Plaintiff also had not timely filed a charge of discrimination with the EEOC and received a right-to-sue letter. Finally, as to Charter Communications, the Court found that any claim against this entity would be a state law claim and the Court declined to exercise supplemental jurisdiction over any state law claims. The Court ordered that the Clerk should not issue process on the complaint because "the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both." *Id.* at 5. Plaintiff did not appeal the pre-service dismissal of this lawsuit.

After the dismissal of this action, plaintiff became a frequent filer of lawsuits in this Court. Since February 2, 2009, in several other cases brought by plaintiff, this Court has determined that plaintiff has accumulated three strikes as defined in 28 U.S.C. §1915(g). Many of these subsequent cases cited to this case and its companion case, *Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN, as strikes. For example, in *Moon v. Cape Girardeau County Sheriff's Department*, 1:11-cv-128-LMB, the Court entered an order denying Moon's motion to proceed *in forma pauperis* and dismissing the case without prejudice to the filing of a fully-paid complaint. *See Moon v. Cape Girardeau County Sheriff's Department*, No. 1:11-cv-128-LMB, ECF No. 8 (E.D. Mo. Jul. 22, 2011). The Court counted the following cases as strikes under 28 U.S.C. § 1915(g): *Moon v. United States of America*, 1:09-cv-0006-RWS (E.D. Mo.); *Moon v. National Asset Recovery Services, Inc.*, 4:09-cv-0117-DDN (E.D. Mo.) ("this case"); and *Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN (E.D. Mo.) ("companion case"). *Id.*

The United States Court of Appeals for the Eighth Circuit has also denied plaintiff *in forma pauperis* status on appeal. In *Moon v. Boyd*, No. 1:17-cv-125-SNLJ, Moon filed a Notice of Appeal in the United States Court of Appeals for the Eighth Circuit on December 13, 2017. He filed a motion for leave to proceed *in forma pauperis* on appeal, which this Court denied on the

basis of § 1915(g). On December 14, 2017, the Court of Appeals entered an order noting this Court's determination that Moon had three strikes under § 1915(g), and directing Moon to pay the appellate fees. Moon subsequently filed a motion for leave to proceed *in forma pauperis* on appeal with the Court of Appeals. On October 4, 2018, the Court of Appeals entered an order denying Moon's motion and dismissing his appeal.

Moon filed the instant motion on April 15, 2021.[1] He seeks an order "clarifying that this case does not count as a strike, and plaintiff is NOT subject to 28 U.S.C. § 1915(g)." Moon contends this Court should not have counted this case and *Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN ("companion case") as strikes.

Moon writes:

> 1.   This case was previously dismissed as being legally frivolous, in part, and in part for plaintiff's failure to exhaust under Title VII of the Civil Rights Act of 1964, this lawsuit. Plaintiff recently discovered that this complaint CANNOT be assessed a strike under 28 U.S.C. § 1915(g) because the entire complaint was not dismissed as legally frivolous. In *Moon v. Dodrill, et al.*, appeal #20-2603 (7th Cir., order of 11/20/2020), the Seventh Circuit in denying plaintiff's IFP motion, ruled that plaintiff's lawsuit in *Moon v. NARS, et al.*, Case # 4:09-CV-00117-DDN (E.D. Mo. 2/2/2009), which was dismissed, does NOT count as a strike under 28 U.S.C. § 1915(g), because the entire suit was not dismissed for being legally frivolous, prompting plaintiff to examine other cases to determine if § 1915(g) applies. Plaintiff has only 1 strike, from *Moon v. United States*, Case # _____ (E.D. Mo. _____).
>
> . . .
>
> 3.   A prisoner's failure to exhaust administrative remedies is statutorily distinct from his failure to state a claim upon which relief may be granted [citing cases]. The dismissal of an action for failure to exhaust does not constitute, nor incur, a strike [citing cases]. For these reasons, plaintiff asks this Court to enter an order clarifying that this case does not count as a strike, and that plaintiff is NOT subject to 28 U.S.C. § 1915(g).

---

[1] Moon filed a similar "Motion for Order Regarding Three Strikes Under 28 U.S.C. § 1915(g)" in his companion case, *Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN at ECF No. 9. These motions make identical arguments. The Court will order the Clerk of Court to file a copy of this Memorandum and Order in *Moon v. National Recovery Services, Inc.*, 4:09-CV-1129-DDN.

3

(ECF No. 12 at 1-2). Finally, Moon provides a list of cases he appears to believe are authorities supporting his arguments, but he does not clearly explain how they support the conclusion that this case and his companion case were erroneously counted as strikes.

### Discussion

As an initial matter, the Court did not deny plaintiff's motion to proceed *in forma pauperis* in this case pursuant to the three-strike rule of 28 U.S.C. § 1915(g). Rather, the Court granted plaintiff's motion to proceed *in forma pauperis* and collected his filing fee. *See* ECF No. 5. At the same time, on initial review pursuant to 28 U.S.C. § 1915(e), the Court dismissed this case stating it was "legally frivolous or fails to state a claim upon which relief can be granted, or both." *See id.*; *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1722 (2020) (holding both dismissals with and without prejudice for failure to state a claim count as strikes under the three-strike rule). To the extent Moon is arguing that this case should not be counted as a strike under § 1915(g), this argument would be raised more properly in Moon's cases in which he was denied *in forma pauperis* status based on the PLRA's three-strike provision. Moon has alleged no procedure by which the Court could retroactively determine that its twelve-year-old decision should not count as a strike under the PLRA's three-strike rule, and the Court has found none.

In fact, recently, plaintiff raised this argument in a subsequent case the Court dismissed based on the three-strike rule. In *Moon v. Boyd*, 1:17-cv-125-SNLJ (E.D. Mo.), Moon asked the Court to reconsider its order denying him *in forma pauperis status*, stating that the Court improperly relied upon this case and the companion case as strikes under § 1915(g). *Id.* at ECF No. 35. The Court denied Moon's motion for reconsideration, finding that Moon was not entitled to relief under Federal Rule of Civil Procedure 60(b) because his motion was untimely and not meritorious. The Court specifically found that Moon's citation to the Seventh Circuit Court of

4

Appeals opinion in the matter *Moon v. Dodrill, et al.,* No. 20-2603 (7th Cir. 2020), which in turn relied upon an opinion entered by the Seventh Circuit Court of Appeals in the matter *Turley v. Gaetz,* 625 F.3d 1005 (7th Cir. 2010), was misplaced. The Court stated:

> The November 20, 2020 order in *Moon v. Dodrill, et al.* is not precedent, and Moon's reliance upon *Turley v. Gaetz* is misplaced. In *Turley,* the Seventh Circuit determined that a dismissal of some of a prisoner's claims on enumerated grounds does not result in a strike when other claims in the same action proceed to adjudication on their merits. *Turley,* 625 F.3d 1005. The *Turley* Court wrote: "Here we believe that the obvious reading of [28 U.S.C. § 1915(g)] is that a strike is incurred for an action dismissed *in its entirety* on one or more of the three enumerated grounds." *Id.* at 1008-09 (emphasis in original).
>
> Both *Moon v. National Asset Recovery Services, Inc.,* 4:09-cv-117-DDN and *Moon v. National Recovery Services, Inc.,* 4:09-cv-1129-DDN were dismissed in their entirety based upon one or more of the grounds set forth in 28 U.S.C. § 1915(g). None of Moon's claims survived initial review, much less proceeded to consideration on their merits. It therefore cannot be said that *Turley v. Gaetz* supports Moon's arguments.

*Moon v. Boyd,* 1:17-cv-125-SNLJ (E.D. Mo.) at ECF No. 36.

Here, assuming the Court could retroactively determine whether this case and the companion case should be counted as strikes under § 1915(g) in future litigation, plaintiff has filed his motion more than twelve years after entry of the order from which he seeks relief. To the extent he could rely upon Federal Rule 60(b) for any relief, he has not filed the motion within a "reasonable time" as required. Fed. R. Civ. P. 60(c)(1). The basis for Moon's motion was set forth as early as 2011 when the Court first denied plaintiff *in forma pauperis* status and cited to this case as a strike under § 1915(g). *See, e.g., Moon v. Cape Girardeau Cty. Sheriff's Dep't,* 1:11-cv-128-LMB, ECF No. 8 (E.D. Mo. Jul. 22, 2011) (denying plaintiff *in forma pauperis* status under the three-strike provision and citing the instant case as a strike). Plaintiff makes no attempt to explain why he could not have brought this motion sooner.

Finally, this case and the companion case have been counted as strikes by this United States District Court and by district courts in other jurisdictions as well. *See, e.g., Moon v. Missouri Division of Employment Security,* No. 2:09-cv-4140-NKL (W.D. Mo.); *Moon v. Lockett, et al.,* No. 2:12-cv-72 JMS-WGH (S.D. Ind.); *Moon v. Samuels,* No. 3:15-cv-861-JPG-SCW (S.D. Ill.); *Moon v. Rivas,* No. 3:15-cv-890-JPG-DGW (S.D. Ill.); and *Moon v. Salazar,* No. 3:19-cv-1355-MK (D. Or.) (citing *Moon v. Walton,* 2016 WL 3440585, at *1 & n. 3 (S.D. Ill.)). Moon does not explain why he believes any of the other case law he cites supports his arguments. This Court will therefore not analyze those cases.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for Order Regarding Applicability of 28 U.S.C. 1915(g)" is **DENIED**. [ECF No. 12]

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a copy of this Memorandum and Order in *Moon v. Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN, in which plaintiff filed a similar motion.

Dated this 28th day of October, 2021.

DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE